UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYTHEL BROWN, | No. 2:14-cv-0999 DAD P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    The court is required to screen complaints brought by prisoners who seek relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989); Franklin, 745 F.2d at 1227.

6       When considering whether a complaint states a claim upon which relief can be granted,

7  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and

8  construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416

9  U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by

10 lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive dismissal for failure to

11 state a claim, a pro se complaint must contain more than "naked assertions," "labels and

12 conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp.

13 v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements

14 of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal,

15 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have

16 facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff

17 pleads factual content that allows the court to draw the reasonable inference that the defendant is

18 liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Attachments to a complaint are

19 considered to be part of the complaint for purposes of a motion to dismiss for failure to state a

20 claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

21      Here, in his complaint plaintiff avers that numerous defendants violated his rights under

22 the Fifth, Eighth and Fourteenth Amendments, but he does not make a single factual allegation to

23 support those claims.  Indeed plaintiff's complaint does not contain any factual allegations at all.

24 Instead, plaintiff has merely attached to his complaint numerous documents related to disciplinary

25 charges that he used marijuana in prison.  However, those documents do not give the court any

26 indication as to what the basis of plaintiff's constitutional claims might be.

27      A complaint must apprise the court and the defendants of the nature of the plaintiff's

28 claims, and it must allege facts that support the elements of those claims plainly and succinctly.

1  See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984); Federal Rule of
2  Civil Procedure 8(a)(2).  The federal rules thus require a plaintiff to allege with some degree of
3  particularity the overt acts that, if proved, would support a claim under the Civil Rights Act.  Id.
4  Because this complaint does not comply with that requirement, it must be dismissed.  The
5  plaintiff will, however, be afforded the opportunity to file an amended complaint that passes the
6  screening test of 28 U.S.C. § 1915A, described above, and that meets the requirement of Federal
7  Rule of Civil Procedure 8(a)(2) – that is, a short, plain statement of the facts that support the
8  plaintiff's claims.
9       If plaintiff chooses to file an amended complaint, he must allege therein facts
10  demonstrating how the conditions or conduct complained of resulted in a deprivation of his
11  federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Any
12  amended complaint must allege in specific terms how each named defendant was involved in the
13  deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is
14  some affirmative link or connection between a defendant's actions and the claimed deprivation.
15  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
16  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of
17  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673
18  F.2d 266, 268 (9th Cir. 1982).
19       Plaintiff is further admonished that, if he elects to file an amended complaint, the court
20  cannot refer to prior pleadings in order to make his amended complaint complete.  Local Rule 220
21  requires an amended complaint be complete in itself without reference to any prior pleading.
22  This is because, as a general rule, an amended complaint supersedes the original complaint.  See
23  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the
24  prior pleading no longer serves any function in the case.  Therefore, in an amended complaint, as
25  in an original complaint, each claim and the involvement of each defendant must be sufficiently
26  alleged.
27  /////
28  /////

1    Failure to file an amended complaint in accordance with this order will result in a
2 recommendation that this action be dismissed without prejudice.
3    Accordingly, IT IS HEREBY ORDERED that:
4    1. Plaintiff's complaint is dismissed without prejudice.
5    2. Plaintiff is granted thirty days from the date of service of this order to file an amended
6 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
7 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
8 assigned to this case and must be labeled "First Amended Complaint." Failure to file an amended
9 complaint in accordance with this order will result in a recommendation that this action be
10 dismissed without prejudice.
11    3. Plaintiff's motion to proceed in forma pauperis (Doc. No. 5) is granted.
12 Dated: May 30, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
brow0999.1a.new

4