1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAYTHEL BROWN,                         No.  2:14-cv-0999 DAD P

12              Plaintiff,

13        v.                                ORDER AND

14   CDCR, et al.                           FINDINGS AND RECOMMENDATIONS

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983.  By

18   order filed May 30, 2014, plaintiff's complaint was dismissed, and the court granted thirty days'

19   leave to file an amended complaint.  The thirty-day period has now expired, and plaintiff has not

20   filed an amended complaint.

21        Plaintiff's only communication with the court since it granted him leave to amend his

22   complaint is a motion for appointment of counsel.  (See Doc. No. 9.)  Plaintiff filed that motion

23   on a form addressed to (and likely provided by) the San Joaquin County Superior Court.  The

24   motion is not, strictly speaking, properly submitted to this court; rather, it is a request known in

25   California state courts (and in this case, explicitly labeled) as a Marsden motion – that is, a

26   challenge by a criminal defendant in state court that his defense counsel has been ineffective and

27   needs to be replaced with another lawyer.  A Marsden motion seeks relief that only a state court

28   in a criminal proceeding, not a federal court, can grant or deny.

                                            1

Nevertheless, the court construes all pro se filings liberally.  Accordingly, the court assumes plaintiff means to ask for the appointment of counsel in this case.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In this case, the court does not find any exceptional circumstances that warrant the appointment of counsel.  In fact, the court finds no circumstances warranting any decision except dismissal for plaintiff's failure to submit the factual basics of his claims in an amended complaint, as he was given the chance to do.  The court clearly explained the necessity that a complaint provide enough factual detail to pass the screening test required under 28 U.S.C. 1915A.  (Order (Doc. No. 6) at 2.)  Plaintiff has not attempted to remedy the pleading deficiencies the court found in his original complaint – i.e., its lack of "any factual allegations at all" – and the time for doing so has expired.  (Id.)  For these reasons, the court will recommend this case be dismissed without prejudice.  See Order (Doc. No. 6) at 4; Local Rule 110; Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that the motion for appointment of counsel (Doc. No. 9) is denied.  The Clerk of Court is directed to assign this case to a district judge.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.  See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 18, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
brow0999.fta

3